EXHIBIT 43

CAUSE NO. DC-16-03036

| | | |
|---|---|---|
| MONTAGE MORTGAGE, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| PACIFIC UNION FINANCIAL, LLC, | § | |
| MICAH LAVERNE GREENE, and | § | |
| JOHN PERRY, | § | |
| | § | |
| Defendants. | § | 298th JUDICIAL DISTRICT COURT |

## AGREED PROTECTIVE ORDER

The Court enters the following Agreed Protective Order to govern the use of certain documents and information exchanged in this case between Plaintiff Montage Mortgage, LLC ("Montage") and Defendants Pacific Union Financial, LLC ("PacU") and John Perry. It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1.   This Protective Order shall govern all Confidential Information produced by Montage, John Perry and PacU in this case.

2.   <u>Confidential Information</u>. The Parties anticipate producing documents containing trade secrets, personal information, company security matters, customer lists, customer information, financial data, and other proprietary information. Montage, PacU and John Perry acknowledge and agree that such information constitutes Confidential Information and shall be treated as such for purposes of this Protective Order. Any documents produced after the execution of this Order that contain Confidential Information shall be marked as "CONFIDENTIAL" at the time of production.

3.   <u>Access to Confidential Information</u>. The parties agree that Confidential Information shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified to receive such material under the terms and conditions set forth herein,

Exhibit 43

unless modified by order of this Court.  Access to all materials designated as Confidential

Information and disclosure of the information contained in such materials shall be restricted

solely to:

(a)    the attorneys in the law firms representing the parties and personnel of such law firms or copy services assisting the attorneys working on this case;

(b)    any translators, qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

(c)    any party to this lawsuit, including any employee, director, partner, officer, agent, in-house counsel, expert, or consultant of any such party to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation and trial of this lawsuit;

(d)    deponents and potential witnesses in this lawsuit; and

(e)    the Court, the Court's staff, and the jury in this litigation.

4.    This Protective Order shall not preclude counsel for any party from using in the

course of depositions or submitting to the Court for any purpose, including trial, any document

designated as Confidential Information, provided that adequate steps are taken to preserve the

confidentiality of such material, and provided further, that during the course of any deposition

such material may be disclosed only to another person authorized by this Protective Order to

receive such material.  However, documents designated as Confidential Information shall be

used solely for the purpose of prosecuting or defending this litigation.

5.    When documents, briefs, transcripts or memoranda attaching Confidential

Information will be filed with the Court or used at trial or any other hearing, it shall be the

responsibility of the filing party to file such information under seal. The party filing any paper

which attaches any Confidential Information subject to this Protective Order shall file such paper

in a sealed envelope, or other appropriately sealed container, which indicates the title of the

*[handwritten margin note: for only so long as a Rule 76(a) Motion is pending]*

*[handwritten bottom note: only after that Party has sought and obtained a ruling under Rule 76(a) allowing the sealing of same, temporarily or]*

*[handwritten: EGT]*

Exhibit 43

Action, the party filing the Confidential Information, the legend "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should not be opened, nor its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

Provided, however, that a courtesy copy of such paper may be delivered to the Court without any sealing.

Alternatively, Confidential Information may be filed electronically with the Court so long as the proper protocol and rules governing the e-filing of sealed documents are followed. The parties shall not oppose any motion to file Confidential Information under seal.

6.      A party may challenge a designation of material as Confidential. The party challenging such designation has the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the party asserting the confidential status shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by a party as Confidential shall be treated as provided in this Protective Order.

7.      The restrictions against disclosure set forth in this Protective Order shall not apply to information that:

(a)     is at any time independently developed by the receiving party without use of or reliance upon any of the opposing party's materials produced prior to the date of this Order or bearing the CONFIDENTIAL legend; or

(b)     is rightfully acquired by the receiving party from an independent source, without restrictions as to use or obligations as to confidence; or

(c)     was, prior to disclosure, rightfully in the possession or knowledge of the receiving party; or

(d)     is publicly available in substantially the same form in which it was provided by the party claiming confidentiality; or

Exhibit 43

    (e)    is required by law to be made available to third parties (a party receiving a subpoena for a producing party's confidential documents has the duty to notify said producing party as soon as practicable); or

    (f)    was, is, or becomes public knowledge, not in violation of this Protective Order.

8.    Upon final termination of this lawsuit (whether by judgment, settlement or otherwise) including all appeals and applications for discretionary review, each party shall within sixty (60) days thereafter destroy any documents that were produced by Montage, John Perry and PacU containing Confidential Information. However, subject to the terms of the Protective Order, outside trial counsel may retain intact an archival file copy of any pleading, exhibit, deposition, or trial testimony transcript that includes or references Confidential Information.

9.    The parties may modify this Order only by written agreement of the parties. The Court may modify this Order upon a showing of good cause ∧ *by one or more parties* Nothing in this Order shall be construed as precluding any party from seeking such modification.

10.    Nothing in this Order shall:

    a.    Restrict the right of any party to use any Confidential Information in any motion, hearing or trial in this case, subject to the Court's entry of a sealing order as described herein or other determination by the Court regarding the use of Confidential Information at trial or hearings;

    b.    Prevent any party from objecting to discovery that the party believes is improper for any reason. It is understood and agreed that the execution of this Order shall in no way constitute a waiver of the right of any party to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the use, relevance or admissibility of any documents or their contents. It is further understood and agreed that, although counsel for the Parties signing this Order agree to be bound thereby, their signing of this Order does not constitute their concurrence with any party's characterization of documents as being "Confidential";

    c.    Preclude any party from seeking to modify this Protective Order; or

    d.    Prevent any party from relying upon or citing to Confidential Information (or material filed under temporary seal in a motion with the Court while awaiting a ruling on the status of the material's confidentiality) provided,

Exhibit 43

however, that the party may not attach Confidential Information to such motion unless the motion is filed under seal or temporary seal.

SIGNED AND ENTERED on this _23_ day of _March_, 2017.

_____

JUDGE PRESIDING

Exhibit 43

<u>AGREED:</u>

Bryan D. Bruner
State Bar No. 03252475
bbruner@bjplaw.com
Lynne B. Frank
State Bar No. 24087215
lfrank@bjplaw.com
BRUNER & PAPPAS, L.L.P.
3700 W. 7th Street
Fort Worth, Texas 76107-2536
Telephone:  (817) 332-6633
Facsimile:  (817) 332-6619

By: _____
      Bryan D. Bruner

**ATTORNEYS     FOR     PLAINTIFF
MONTAGE MORTGAGE, LLC**


<u>AGREED:</u>

Sean McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Jody L. Rodenberg
State Bar No. 24073133
jrodenberg@textrial.com
Sommerman, McCaffity & Quesada, LLP
3811 Turtle Creek Blvd, Suite 1400
Dallas, Texas 75219
Telephone: 214-720-0720
Facsimile: 214-720-0184

By: _____

**ATTORNEYS     FOR     DEFENDANT
PACIFIC UNION FINANCIAL, LLC**


<u>AGREED:</u>

John Perry
8609 Bodkin Court
Charlotte, North Carolina 28215

_____

Exhibit 43