UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Montage Mortgage, LLC<br><br>              Plaintiff,<br><br>vs.<br><br>Pacific Union Financial, LLC, John Perry, Valerie Coleman, Caitlin V. Cooke, Eduardo Creque, Jessica M. Furr (Keen), Kathy Keller, Fouad Naghmi, Tammy Neal, Charles F. Peer, Michaelene Whyte, and Melissa Willoby,<br><br>              Defendants. | Case No.: 3:17-cv-02971-B |

**PLAINTIFF MONTAGE MORTGAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL ITS OPPOSITION AND ACCOMPANYING EXHIBITS TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

Plaintiff Montage Mortgage, LLC ("Montage") hereby files this Memorandum in Support of its Motion to Seal its Opposition and Accompanying Exhibits to Individual Defendants' Motion to Dismiss the Second Amended Petition ("Motion"), pursuant to Local Rule 79.3(b)(2), and the Protective Order entered in this matter (ECF No. 2-43).

**BACKGROUND**

This case was originally filed against Defendant Pacific Union Financial, LLC ("Pacific Union") on March 14, 2016 in the 298th District Court of Dallas County, Texas. *See* ECF No. 2-2 (Plaintiff Montage's Original Petition). On March 23, 2017, the Honorable Judge Emily Tobolowsky entered an Agreed Protective Order, which, among other things, governs the use of certain information exchanged between the parties designated "Confidential." *See* ECF No. 2-43 (Agreed Protective Order). Thereafter, the parties engaged in substantial discovery, producing

1

thousands of documents, most of which were marked "Confidential" pursuant to the Protective Order.

On September 29, 2017, Montage filed a Second Amended Petition ("S.A.P"), asserting new causes of action, and also naming as defendants Valerie Coleman, Caitlin V. Cooke, Eduardo Creque, Jessica M. Furr, Kathy Keller, Fouad Naghmi, Tammy Neal, Charles F. Peer, Michaelene Whyte, and Melissa Willoby ("Individual Defendants"). *See* ECF No. 3-24. Defendants removed to this Court on October 27, 2017, pursuant to 28 U.S.C. § 1446(b). ECF No. 1. Thereafter, on November 3, 2017, Individual Defendants filed a Motion to Dismiss for lack of personal jurisdiction and failure to state a claim, pursuant to Fed. R .Civ. P. 12(b)(2) and 12(b)(6). ECF No. 8.

The Protective Order filed in Dallas County currently governs the treatment of documents marked "Confidential" produced in discovery up to this point, and states that "all materials designated as Confidential Information and disclosure of the information contained in such materials shall be restricted solely to:"

    a. the attorneys in the law firms representing the parties;

    b. translators or court reporters;

    c. any party to this lawsuit;[1]

    d. deponents and potential witnesses; and

    e. the Court, the Court's staff, and the jury in this litigation.

---

[1] Because Individual Defendants are now "parties to this lawsuit," the Protective Order allows documents marked "Confidential" to be disclosed to the Individual Defendants.

ECF No. 2-43. Provision 5 of the Protective Order explicitly allows for Confidential information to be filed electronically under seal. *Id*. Thus, the Protective Order tracks this District's Local Rule 79.3(b)(2), which also provides for electronic filing of sealed documents.

As stated above, Individual Defendants' Motion to Dismiss is based, in part, on Federal Rule Civil Procedure 12(b)(2), which provides for dismissal if the Court lacks personal jurisdiction over a defendant. In opposition to this Motion, Plaintiff Montage is filing herewith an opposition that establishes this Court's personal jurisdiction on the basis of RICO's nationwide service of process provision, and Individual Defendants' contacts with the State of Texas. As provided for under the law of the Fifth Circuit, Montage has attached a number of exhibits setting forth facts that establish this Court's exercise of personal jurisdiction over the Individual Defendants. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (to determine jurisdiction, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery").

However, twenty-nine of the thirty-two exhibits attached in support of Montage's opposition have been marked "Confidential" by Defendant Pacific Union. Moreover, Montage's opposition briefing contains references or quoted excerpts from some of the exhibits which are marked Confidential. Accordingly, Montage is filing the instant Motion to Seal, as required by the operative Protective Order. On November 22, 2017, counsel for Defendant Pacific Union informed counsel for Montage that Defendant Pacific Union did not oppose filing under seal the exhibits marked Confidential.

## ARGUMENT

Montage is required to file the exhibits in support of its opposition under seal because they have been marked "Confidential" pursuant to the Protective Order. ECF No. 2-43.

Moreover, under this Court's prior precedent concerning sealed filings, Montage should also file the memorandum in support of its opposition under seal because it contains factual references or quotations from the accompanying exhibits that are marked Confidential. *See Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, No. 3:16-CV-1217-B, 2017 U.S. Dist. LEXIS 84719, at *9 (N.D. Tex. June 1, 2017) (Boyle, J.). In that vein, the Protective Order also states that the "Confidential" designation applies to the "disclosure of the *information contained* in such materials." ECF No. 2-43 (emphasis added).

Montage recognizes that there is a strong presumption of access to judicial records and documents in this country. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (recognizing a presumption of access to public records). However, Montage is bound by the Protective Order entered in the underlying state proceeding, and thus must file the opposition and accompanying papers under seal. *See In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system.").

Some, but not all, of the at-issue documents do indeed contain information that meets the Protective Order's definition of "Confidential," which includes documents "containing trade secrets, personal information, company security matters, customer lists, customer information, financial data, and other proprietary information." ECF No. 2-43. After filing the instant motion, Montage plans to meet and confer with Defendant Pacific Union to determine if Pacific Union is willing to remove the "Confidential" designation from any of the twenty-nine at-issue documents.

Additionally, many of the documents also contain non-public consumer data, such as social security numbers and financial account numbers, and thus would have to be redacted if publicly filed, pursuant to Federal Rule Civil Procedure 5.2. *See* Fed. R. Civ. P. 5.2 (a) (governing the filing and redaction of sensitive non-public identifying information and financial account numbers); *accord* Local Case Management Procedure I-A. Under Rule 5.2(d), "[t]he court may order that a filing be made under seal without redaction, [and then the] court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

**Conclusion**

For the foregoing reasons, Montage respectfully requests this Court grant its Motion to Seal.

Dated: November 22, 2017  Respectfully submitted,

/s/ Bryan D. Bruner_____
Bryan D. Bruner
State Bar No. 03252475
Lynne B. Frank
State Bar No. 24087215
BRUNER & PAPPAS, L.L.P.
3700 W. 7th Street
Fort Worth, Texas 76107-2536
Tel: (817) 332-6633
Fax: (817) 332-6619
Email: bbruner@bjplaw.com
       lfrank@bjplaw.com


/s/ Jason W. McElroy_____
Jason W. McElroy
Virginia State Bar No. 71250
WEINER BRODSKY KIDER PC
1300 Nineteenth Street, NW, Fifth Floor

                                          Washington, DC 20036
                                          Tel: (202) 628-2000
                                          Fax: (202) 628-2011
                                          Email: mcelroy@thewbkfirm.com

                                          ***Attorneys for Montage Mortgage, LLC***

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon all parties and counsel of record via the Court's CM/ECF mechanism and USPS First Class Mail, on this 22nd day of November 2017:

William B. Mateja
mateja@polsinelli.com
D. Rockwell Bower
rbower@polsinelli.com
POLSINELLI PC

Stephan D. Selinidis
sselinidis@reedsmith.com
REED SMITH LLC
2950 N. Harwood St., Suite 2100
Dallas, Texas 75201
811 Main St., Suite 1700
Houston, TX 77002

Tyree P. Jones Jr. (Pro Hac Vice)
TPJones@reedsmith.com
REED SMITH LLC
1301 K. St., N.W., Suite 1000
East Tower
Washington, DC 20005

**ATTORNEYS FOR DEFENDANTS V. COLEMAN, C. COOKE, E. CREQUE, J. FURR, K. KELLER, F. NAGHMI, T. NEAL, C. PEER, M. WHYTE, M. WILLOBY**

Ann Marie Painter
AMPainter@perkinscoie.com
Jason R. Elliott

jelliott@perkinscoie.com
Hayden M. Schottlaender
hschottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St., Suite 3300
Dallas, Texas 75201

Barak Cohen (Pro Hac Vice)
bcohen@perkinscoie.com
PERKINS COIE LLP
700 13th St. NW
Suite 600
Washington, DC 20005

**ATTORNEYS FOR DEFENDANT PACIFIC UNION FINANCIAL, LLC**

Braden M. Wayne
bwayne@settlepou.com
Daniel Tobin
dtobin@settlepou.com
SETTLEPOU
3333 Lee Parkway, 8th Floor
Dallas, Texas 75219
**ATTORNEYS FOR DEFENDANT JOHN PERRY**