**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Montage Mortgage, LLC** | |
| **Plaintiff,** | |
| **vs.** | **Case No.: 3:17-cv-02971-B** |
| **Pacific Union Financial, LLC, John Perry, Valerie Coleman, Caitlin V. Cooke, Eduardo Creque, Jessica M. Furr (Keen), Kathy Keller, Fouad Naghmi, Tammy Neal, Charles F. Peer, Michaelene Whyte, and Melissa Willoby,** | |
| **Defendants.** | |

## REPLY TO PLAINTIFF'S OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS SECOND AMENDED PETITION

Defendants Valerie Coleman, Caitlin V. Cooke, Eduardo Creque, Jessica M. Furr, Kathy Keller, Fouad Naghmi, Tammy Neal, Charles F. Peer, Michaelene Whyte, and Melissa Willoby ("Individual Defendants"), hereby submit this Reply to Plaintiff's Opposition to Individual Defendants' Motion to Dismiss.

By its Opposition, Plaintiff tacitly concedes that Individual Defendants lack sufficient minimum contacts with the State of Texas for this Court to exercise general jurisdiction over them.  Plaintiff does not refute Individual Defendants' averments that they do not live, work, or own property in Texas or personally fund loans in Texas.  Instead, Plaintiff invokes RICO's nationwide service of process provision to establish personal jurisdiction pursuant to Individual Defendants' minimum contacts with the *United States*.  However, Plaintiff's failure to sufficiently plead a claim for a violation of RICO precludes it from premising personal jurisdiction thereon.  Moreover, Plaintiff's argument that this Court can exercise specific jurisdiction over Individual Defendants fails because it offers no admissible evidence that

reflects any tortious conduct directed at the State of Texas by Individual Defendants.  Finally, Plaintiff does not dispute that it did not mediate the claims asserted herein as expressly required by Individual Defendants' employment agreements – a condition precedent to filing this action. Consequently, for the reasons outlined in Individual Defendants' moving papers and herein, this Court should dismiss the claims against Individual Defendants or, alternatively, direct Plaintiff to replead its claims.

## I.       THERE IS NO PERSONAL JURISDICTION OVER INDIVIDUAL DEFENDANTS

### A.       Plaintiff Fails to Establish Personal Jurisdiction Under RICO

Plaintiff cannot state a claim under RICO because it fails to satisfy pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure ("Rule").[1]  While Plaintiff, in its Opposition, attempts to persuade this Court that it would have personal jurisdiction over Individual Defendants even if its RICO claims were dismissed, (Pl.'s Opp'n at 2-3), courts in this District have held otherwise.  *See, e.g.*, *Oblio Telecom, Inc. v Patel*, 711 F. Supp. 2d 668, 676 (N.D. Tex. 2008).

### 1.       Plaintiff Fails to Plead Fraud With the Requisite Specificity Required by Rule 9(b) to State a Claim for Relief Under RICO

There is no dispute that Rule 9(b)'s particularity requirement applies to the pleading of fraud as a RICO predicate act.  *Tel-Phonic Servs., Inc. v. TBS Int'l., Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992).  Yet, while Plaintiff relies on alleged "fraudulent" conduct by all Defendants as the basis for its RICO claims, Plaintiff fails to plead the circumstances constituting fraud with the requisite particularly required under Rule 9(b).  (Ind. Defs.' Br. at 17-18).

Plaintiff, in its Opposition, mistakenly suggests that *Commercial Metals Co. v. Chazanow*, No. 3:09–CV–0808–B, 2009 WL 3853704, at *5 (N.D. Tex. Nov. 17, 2009), gives it

---

[1] Plaintiff's RICO claims also fail to satisfy basic pleading requirements under Rule 8(a)(2).  (Ind. Defs.' Br. at 17).

legal justification to lump all Defendants together without identifying which Defendants committed which of the alleged RICO predicate acts. (Pl.'s Opp'n at 18). In *Commercial Metals Co.*, however, the court reiterated that "plaintiff must plead with sufficient particularity attribution of the alleged misrepresentations or omissions to each defendant . . . and [that] plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *Commercial Metals Co.,* 2009 WL 3853704, at * 4 (internal quotations and citations omitted).

Moreover, Plaintiff, in arguing that it adequately pleads the RICO predicate acts, readily admits that it incorporates nearly 200 allegations into each of the counts alleged and then simply "pepper[s]" allegations concerning the four RICO predicate acts throughout. (Pl.'s Opp'n at 18). By Plaintiff's own admission then, it fails to "allege facts specifying each defendant's contribution to the fraud." (*Id.*) Accordingly, Plaintiff's RICO claims fail to satisfy Rule 9(b) and are subject to dismissal under Rule 12(b)(6).[2]

### 2. Plaintiff's Failure to State a Claim for Relief Under RICO Precludes Personal Jurisdiction Premised on RICO's Nationwide Service of Process Provision

Plaintiff's argument that "[w]hether a claim is stated under [Rule] 12(b)(6) is simply inapposite to the jurisdictional analysis[]" is belied by the authorities it relies upon. (Pl.'s Opp'n at 3).

First, the language Plaintiff cites to in *Al-Jiburi* has nothing to do with personal jurisdiction and surrounds the court's discussion regarding dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, not Rules 12(b)(2) or 12(b)(6). *Al-Jiburi v. Chertoff*, Civil Action

---

[2] As noted in Individual Defendants' moving papers, Plaintiff also fails to state a claim under the CFAA. (Ind. Defs.' Br. at 20-21). Even if Plaintiff's CFAA claim is sufficiently plead, however, Plaintiff, aside from conclusory statements, points to no evidence to suggest that the alleged violations occurred in or were directed towards Texas. (Pl.'s Opp'n at 24-25).

No. 3:06-CV-1270-D, 2007 BL 77103, at *2 (N.D. Tex. Aug. 9, 2007).   Second, Plaintiff's

position is further undermined by this District's findings in *Rolls-Royce Corp. v. Heros, Inc.,* 576

F. Supp. 2d 765, 773 (N.D. Tex. 2008) and *Oblio Telecom,* 711 F. Supp. 2d at 676.   In these

cases, the court made clear that RICO's nationwide service of process provision cannot confer

personal jurisdiction over defendant if plaintiff's RICO claims are dismissed.[3]   Accordingly, as

discussed in Individual Defendants' moving papers and herein, because Plaintiff fails to properly

plead its RICO claims – against any Defendants, but especially not Individual Defendants –

Plaintiff cannot establish personal jurisdiction under 18 U.S.C. § 1965.

> **B.**    **Plaintiff Fails to Establish That Individual Defendants' Contacts with Texas are Sufficient to Confer General Jurisdiction**

Plaintiff's Opposition, by its complete silence on the issue, acknowledges that Individual

Defendants do not have minimum contacts with Texas sufficient to confer general jurisdiction.

*See, e.g., Davis v. Transp. Sec. Admin.*, No. 15-0135 (RC), 2017 BL 302348, (D.D.C. Aug. 28,

2017) (a court may treat arguments that plaintiff fails to address in an opposition to a dispositive

motion as conceded) (citations omitted); *see also, Lambert v. Barnhart*, No. 3-04-CV-1235-D,

2006 U.S. Dist. LEXIS 14383, at *9 (N.D. Tex. Mar. 29, 2006) ("plaintiff tacitly concedes most

of these arguments by failing to address them in her response").   Individual Defendants do not

live, work, own property, or spend any significant amount of time in Texas, nor does Plaintiff

allege, in its Second Amended Petition or Opposition, that they do.  (Ind. Defs.' Br. at 5-6).

---

[3] *See Rolls-Royce Corp.*, 576 F. Supp. 2d at 773 ("[if] dismissal of [plaintiff's] RICO claims . . . is proper, then [plaintiff] cannot establish personal jurisdiction over defendants under 18 U.S.C. § 1965"); *see also Oblio Telecom*, 711 F. Supp. 2d at  676 ("Asia Telecom has not moved to dismiss the RICO claim brought against it, and if the court were to dismiss this claim against it, then the court would not have personal jurisdiction over Asia Telecom pursuant to 18 U.S.C. § 1965.").

**C.     Plaintiff Fails to Establish That Individual Defendants' Contacts with Texas are Sufficient to Confer Specific Jurisdiction**

Plaintiff, however, attempts to convince this Court that it has specific jurisdiction over Individual Defendants because of allegedly tortious communications sent to Texas from which its claims arise.  (Pl.'s Opp'n at 1).  And while Plaintiff argues that "it is a red herring for Individual Defendants to say that they do not 'live, work, or own property in Texas, and have not originated, processed, or funded loans involving customers or property located in Texas,'" Plaintiff does not dispute, nor could it, that Individual Defendants live and work outside of Texas and do not *personally* solicit business there.  (Pl.'s Opp'n at 8).  In arguing that specific jurisdiction exists here, Plaintiff inappropriately references inadmissible material in its Appendix, mischaracterizes the contents of the Appendix as tortious, and conflates Defendant Pacific Union's contacts with Texas with those of Individual Defendants.

**1.     The Appendix Contains Inadmissible Material**

While Plaintiff attaches a myriad of documents and emails to its Opposition, many of these documents and emails are inadmissible and should not be considered by this Court.  *Strong v. RG Industries, Inc.*, 691 F. Supp. 1017, 1019 (S.D. Miss. 1988) (citing *Starns v. Success Portrait Co.*, 1 F.R.D. 503 (E.D. Tenn. 1940) ("when jurisdictional facts are challenged in [an] appropriate manner by [a] motion to dismiss, plaintiffs must support them by competent proof")).

First, Plaintiff's Exhibit B, the Affidavit of Micah Greene, constitutes inadmissible hearsay under Fed. R. Evid. 801.  (Pl.'s Ex. B., App. 003-006). It also is incomplete as it fails to attach referenced exhibits and is irrelevant as it avers no facts demonstrating that Individual Defendants misappropriated trade secrets or committed any tortious acts directed at Texas.  (*Id.*). Second, none of the remaining materials in the Appendix are relevant to Plaintiff's jurisdictional

allegations – they are not probative of any tort being committed in or directed towards Texas by Individual Defendants.  Fed. R. Evid. 401 and 402.  Third, with the exception of Plaintiff's Exhibit A, the materials contained in the Appendix lack foundation.  They are not based on Plaintiff's personal knowledge, as is required by Fed. R. Evid. 602, and are not properly authenticated, as is required by Fed. R. Evid. 901.  Further, they are inadmissible hearsay under Fed. R. Evid. 801.  For these reasons, this Court should exclude from consideration the documents and communications contained in Plaintiff's Appendix.

> **2.     Plaintiff's Proffered Communications Are Not Probative of Tortious Conduct Directed at Texas**

Moreover, the proffered communications were not tortious or directed towards Texas, and this Court should reject Plaintiff's efforts to portray them as such.  *See, e.g., Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 791 (Tex. 2005) (jurisdiction cannot turn on whether a plaintiff merely alleges wrongdoing) (citations omitted); *see also, Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865 (5th Cir. 2001) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir. 1998) ("[T]he law does not require us to . . . credit conclusory [jurisdictional] allegations or draw farfetched inferences.").  In fact, Plaintiff's Appendix provides no evidence that *any* Individual Defendant solicited *any* borrower to unlawfully shift their loan from Plaintiff to Defendant Pacific Union, which is Plaintiff's burden to prove.  Plaintiff does not allege that the loans at issue involved borrowers that had contracts on property pending, nor does Plaintiff allege that all of the borrowers at issue had loans that had been fully approved, processed, and finalized by Plaintiff.  Finally, Plaintiff's Appendix provides no evidence to demonstrate that any borrower that may have moved their loan from Plaintiff to Defendant Pacific Union, as is their right, did so involuntarily.

Plaintiff's central argument is that its claims arise from Individual Defendants' communications with Texas.[4]  (Pl's Opp'n at 5).  To support its claim, Plaintiff alleges that Exhibit H is demonstrative of a *quid pro quo* email exchange between Defendant Naghmi and the CEO of Pacific Union and contains a "blatantly misappropriated customer list with consumer credit."  (Pl.'s Opp'n at 7).  Yet, even a cursory read of this email exchange reveals otherwise. Exhibit H contains Individual Defendant Furr's past production of *closed* loans, as noted expressly in the email subject line – loans Individual Defendant Furr irrefutably closed while employed by Plaintiff.  (Pl.'s Ex. H, App. 026-033).  The email exchange does not reflect a misappropriation of customers; instead, it contains a proffer of Individual Defendant Furr's past performance to advocate for a signing bonus from a prospective employer.  (*Id*.).  The record of Individual Defendant Furr's past performance is not a trade secret, and Plaintiff cannot claim it as such.  Even if the sharing of such information was unlawful, which Individual Defendants refute, Plaintiff fails to identify how this communication harmed Plaintiff or was in any way directed towards Texas.

And, while Plaintiff makes much of the fact that Individual Defendants Keller and Whyte worked with *one* Texas-based borrower, Plaintiff fails to mention that Individual Defendants did not solicit this borrower to close a loan with Defendant Pacific Union.  (Pl.'s Opp'n at 8-10; Pl.'s Ex. I through L, App. 034-047).  Conversely, Exhibit J expressly states that this borrower personally solicited Individual Defendant Keller's assistance, after working with former Defendant Micah Greene and others.  (Pl.'s Ex. J, App. 042).  Similarly, Plaintiff does not allege

---

[4] Plaintiff cites to the case of *Lewis v. Fresne*, 252 F.3d 352 (5th Cir. 2001), for the proposition that a single act can be enough to confer personal jurisdiction if that act *gives rise to the claim being asserted.*  (Pl.'s. Opp'n at 8).  There, the court explained that "when the actual content of communications with a forum gives rise to the intentional tort causes of action, this alone constitutes purposeful availment." *Lewis,* 252 F.3d at 359 (brackets and citations omitted).  While in *Lewis*, the "actual content" of the documents at issue contained clearly identified fraudulent misrepresentations to plaintiff in Texas, such facts are inapposite to the case here. *Id.* at 359.  While Plaintiff alleges that the "actual content" of the communications sent to Defendant Pacific Union's Texas-based employees were in and of themselves tortious, there is nothing on the face of the documents to suggest that they were.

that Individual Defendant Whyte, a loan processing manager for the Mid-Atlantic region, solicited this borrower. Rather, this loan was assigned to her for processing by Defendant Pacific Union. (Pl's Opp'n at 9; Reply Ex. A, App. 002-003). These examples of Plaintiff's attempt to mislead the Court by claiming that such communications were tortious – even though they were not – are not exhaustive.[5]

Further, Plaintiff alleges that Individual Defendants' entire scheme revolved around sending loans to Texas for Defendant Pacific Union to work on in Texas, and that such a scheme is sufficient to establish purposeful availment by Individual Defendants. (Pl.'s Opp'n at 8). Specific jurisdiction, however, can only be established through contacts Individual Defendants create with Texas, not through contacts created by Defendant Pacific Union. *See, e.g., Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014).

The allegations here are similar to those in *Rushmore Inv. Advisors v. Frey*, 231 S.W.3d 524, 529-530 (Tex. App. - Dallas 2007, no pet.), and *360 Mortg. Grp. LLC v. Stonegate Mortg. Corp.,* No. A-13-CA-942-SS, 2014 WL 2092496, (W.D. Tex. May 19, 2014), cases whose findings Plaintiff does not refute or distinguish. In *Rushmore,* for example, the Texas court found that a Pennsylvania-based employee had insufficient contacts with Texas to confer personal jurisdiction because the contacts alleged dealt with actions performed or required by her employer, as is the case here. *Id.* at 529-530. Similarly, in *360 Mortg. Grp.*, the Texas federal court declined to exercise specific jurisdiction over a North Carolina-based employee, even though she was alleged to have misappropriated a broker list from plaintiff's server in Texas. *360 Mortg. Grp.,* 2014 WL 2092496, at *3-4. There, the court determined that while the effects

---

[5] Plaintiff also fails to disclose that Individual Defendant Creque closed the majority of the loans pending in his pipeline before he was terminated by Plaintiff. (Reply Ex. B, App. 005-006). Accordingly, none of the borrowers referenced in Plaintiff's Exhibits CC or DD, App. 095-098, had any relationship to Individual Defendant Creque. (*Id.*).

of the alleged tortious conduct may be "felt" in Texas, the alleged wrongful conduct and injury are clearly centered outside of Texas.  *Id*. at * 4 ("[defendant's] work with brokers in North Carolina would of course be meaningless if plaintiff's other employees in Texas did not work to approve the brokers or fund their loans [. . .]").

By Plaintiff's own admission, its jurisdictional allegations arise from the fact that Defendant Pacific Union is a Texas-based lender – not from allegations that Individual Defendants lived or worked in Texas, personally solicited business from borrowers in Texas, were licensed to perform work in Texas, or even chose to work with Texas-based Pacific Union employees.  (Pl.'s Opp'n at 8).  Rather, Individual Defendants' communications with Texas were solely the result of their need to communicate with loan officers who happened to reside in Texas.  (*Id*. at 7).  None of the communications at issue were tortious; but, even if they were, they were not directed towards Texas.  (Ind. Defs.' Br. at 11) (explaining that to the extent any unlawful activity may have occurred, it would have occurred where each of the Individual Defendants live or work, not in Texas).  For these reasons, as previously addressed in Individual Defendants' moving papers, this Court should decline to exercise specific jurisdiction over Individual Defendants.

## II.    THERE IS A VALID AND ENFORCEABLE CONDITION PRECEDENT

In its Opposition, Plaintiff asserts that an express condition precedent to filing suit does not exist because the mediation provision does not contain conditional language.  (Pl.'s Opp'n at 16-17).  In support, Plaintiff mistakenly claims that a valid contractual condition precedent must include conditional words, such as "if" and "provided that," for example.  (*Id*. at 16).  Texas courts have held, however, that while such language is indicative of the parties' intent, this does not, in and of itself, mean that a condition precedent does not exist.  *Cajun Constructors, Inc. v. Velasco Drainage Dist.*, 380 S.W.3d 819, 826 (Tex. App. 2012).  To construe the mediation

clause as anything other than a condition precedent would be to ignore its plain language.  *See, Id*.  In an effort to deter the parties from filing suit before engaging in mediation, the parties agreed that failure to satisfy the mutually agreed upon condition precedent would result in forfeiture of attorney's fees.  (Pl.'s Opp'n at 16).  Montage nonsensically assumes that this second sentence creates a "contingency" which proves that there is no condition precedent to filing suit.  (*Id*.).  Yet, Montage fails to cite to a single Texas case that stands for this proposition.

For the reasons previously set forth in Individual Defendants' moving papers, and outlined above, this Court should dismiss the claims against Individual Defendants or, alternatively, direct Plaintiff to replead its claims.

Dated: December 13, 2017                    Respectfully submitted,

REED SMITH LLP                              POLSINELLI PC


By: */s/ Tyree P. Jones Jr.*                By: */s/ William B. Mateja*
    Tyree P. Jones, Jr.                         William B. Mateja
    D.C. Bar No. 984586                         Texas Bar No. 13185350
    (Admitted *Pro Hac Vice*)                   D. Rockwell Bower
    tpjones@reedsmith.com                       Texas Bar No. 24087193
    1301 K Street, NW, Suite 1100 –             rbower@polsinelli.com
    East Tower                                  2950 N. Harwood St., Suite 2100
    Washington, DC 20005                        Dallas, Texas 75201
    Telephone: (202) 414-9296                   Telephone: (214) 397-0030
    Facsimile:  (202) 414-9299                  Facsimile:  (214) 397-0033


*Attorneys for Defendants Valerie Coleman Caitlin V. Cooke, Eduardo Creque, Jessica M. Furr, Kathy Keller, Fouad Naghmi, Tammy Neal, Charles F. Peer, Michaelene Whyte, and Melissa Willoby*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of December 2017, a true and correct copy of the foregoing Reply to Plaintiff's Opposition to Individual Defendants' Motion to Dismiss Second Amended Petition was served upon all counsel of record using the CM/ECF system.

By: /s/ Tyree P. Jones, Jr.
Tyree P. Jones, Jr.