**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MONTAGE MORTGAGE, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.: 3:17-cv-02971-S** |
| | § | |
| **PACIFIC UNION FINANCIAL, LLC,** | § | |
| **JOHN PERRY, VALERIE COLEMAN,** | § | |
| **CAITLIN V. COOKE, EDUARDO** | § | |
| **CREQUE, JESSICA M. FURR (KEEN),** | § | |
| **KATHY KELLER, FOUAD NAGHMI,** | § | |
| **TAMMY NEAL, CHARLES F. PEER,** | § | |
| **MICHAELENE WHYTE, and MELISSA** | § | |
| **WILLOBY,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**INDIVIDUAL DEFENDANTS' BRIEF IN SUPPORT OF**</u>
<u>**MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule"), Local Civil

Rules 5.2 and 7.1 of the United States District Court for the Northern District of Texas, and this

Court's inherent authority to control its own docket, Defendants Valerie Coleman, Caitlin V.

Cooke, Eduardo Creque, Jessica M. Furr (Keen), Kathy Keller, Fouad Naghmi, Tammy Neal,

Charles F. Peer, Michaelene Whyte, and Melissa Willoby ("Individual Defendants") hereby

move for entry of a protective order staying discovery with respect to Individual Defendants

pending the resolution of their Motion to Dismiss.

There is good cause to enter a protective order staying discovery until resolution of

Individual Defendants' Motion to Dismiss.  First, a protective order staying discovery would

avoid the unfair prejudice and harm that would result from requiring Individual Defendants to

engage in fact discovery, potentially forcing Individual Defendants to waive their jurisdictional

defenses.  Second, a protective order staying discovery would alleviate the burden and expense

associated with all ten Individual Defendants providing initial disclosures, responding to Plaintiff's discovery requests, and traveling to and attending depositions while their Motion to Dismiss is pending, which, if granted, would render such discovery entirely unnecessary.  Third, discovery involving Individual Defendants would not aid in the resolution of Individual Defendants' pending Motion to Dismiss.  Further, any stay in discovery should be relatively short, given that Individual Defendants' Motion to Dismiss has been fully briefed, and such a stay would not prejudice Plaintiff or delay trial.  For these reasons, as more fully outlined below, Individual Defendants respectfully request that the Court grant its Motion for Protective Order to Stay Discovery ("Motion for Protective Order").

## I.    BACKGROUND.

On November 3, 2017, Individual Defendants timely moved for dismissal of Plaintiff Montage Mortgage, LLC's Second Amended Petition pursuant to Rule 12(b)(2) and Rule 12(b)(6) respectively, on grounds that (1) this Court lacks personal jurisdiction over the Individual Defendants and (2) Plaintiff fails to allege facts sufficient to state a claim for relief.[1] ECF Nos. 8 and 9.  Briefing by the parties was complete on December 13, 2017.

On March 3, 2009, this matter was transferred from Judge Jane Boyle to Judge Karen Gren Scholer.  ECF No. 30.  On May 11, 2018, Judge Scholer held a status conference, requiring the attendance of lead counsel for all parties.  At the status conference, undersigned counsel indicated that Individual Defendants were awaiting the Court's ruling on the pending Motion to Dismiss and that, should the case proceed, Individual Defendants would continue to assert their personal jurisdiction defenses.  The Court indicated that it planned to refer the case to mediation

---

[1] In addition to moving to dismiss the Second Amended Petition pursuant to Rule 12(b)(2) on lack of personal jurisdiction grounds, ECF No. 9 at 10-20, Individual Defendants moved to dismiss, pursuant to Rule 12(b)(6), each of the alleged claims against them on grounds that Plaintiff failed to plead the satisfaction of a contractual condition precedent to filing suit—contractually mandated mediation prior to arbitration or court action.  *Id.* at 27-30. Dismissal on the aforementioned grounds would resolve all claims against all Individual Defendants.

and directed the parties to submit a scheduling order.  Thereafter, on May 22, 2018, the Court referred the case to mediation.  ECF No. 43.

During the course of scheduling mediation, counsel for Individual Defendants reached an agreement with Plaintiff that Individual Defendants need not appear at the mediation, so long as they were available by phone.  Plaintiff expressly acknowledged that this agreement was reached in light of Individual Defendants' pending Motion to Dismiss challenging the Court's personal jurisdiction and their desire to preserve all challenges raised by the Motion to Dismiss.[2] Simultaneously, the parties, in complying with the Court's directives, began drafting a proposed scheduling order.  Given Individual Defendants' pending Motion to Dismiss, Individual Defendants did not sign the proposed scheduling order.  Instead, the parties agreed to include a footnote in the proposed scheduling order noting that Individual Defendants "do not object to the dates set forth in this Agreed Scheduling Order . . . [and that] Individual Defendants have made clear to the parties that, in complying with the Agreed Scheduling Order, they reserve the right to assert any defenses or objections with respect to personal jurisdiction or otherwise."

On June 29, 2018, this Court issued the Agreed Scheduling Order, which included the aforementioned notation.  ECF No. 45.  On July 2, 2018, Plaintiff emailed, and served via First-Class Mail, its First Set of Requests for Production of Documents ("Requests for Production") on all Individual Defendants.  Ex. A-J, App. 01-72.[3]  On July 5, 2018, counsel for Plaintiff sent a letter to undersigned counsel requesting the availability of four Individual Defendants for depositions in early-to-mid August, with the remaining depositions of Individual Defendants

---

[2] Mediation took place on June 28, 2018, but was unsuccessful.

[3] Undersigned counsel has redacted the email addresses of Individual Defendants and others contained within paragraph 1 of the Requests for Production due to privacy and confidentiality concerns, and in light of the Protective Order entered into between Plaintiff and Defendant Pacific Union prior to removal.  ECF No. 2-43.  Plaintiff emailed unredacted copies of the Requests for Production to counsel for all parties.

anticipated in the fall.  Ex. K, App. 71-72.  Subsequently, on July 13, 2018, Plaintiff emailed, and served via USPS Mail, deposition notices for Individual Defendants Coleman (Essid), Cooke (Boehm), Creque, and Neal.  Ex. L-O, App. 73-88.

On July 6, 2018, Individual Defendants raised concerns with Plaintiff that engaging in discovery clearly aimed at the merits of the case would waive its jurisdictional objections and informed Plaintiff that, as a result, Individual Defendants would not be engaging in discovery. Alternatively, Individual Defendants proposed temporarily staying discovery, with respect to Individual Defendants only, pending resolution of their Motion to Dismiss.  Plaintiff declined Individual Defendants' proposal and threatened sanctions.  Subsequently, and after a series of communications between the parties, on July 11, 2018, Defendant Pacific Union proposed a global stay on discovery pending resolution of Individual Defendants' Motion to Dismiss. Despite a follow-up email by undersigned counsel on July 12, 2018, Plaintiff did not respond to Defendant's proposal until approximately 2:00 pm on July 13, 2018, indicating that Plaintiff did not consent to a stay.  Shortly thereafter, Plaintiff emailed undersigned counsel attaching deposition notices for the four aforementioned Individual Defendants for various dates in early to mid-August.  Ex. L-O, App. 73-88.

Now, Individual Defendants have no choice but to seek a protective order staying discovery to allow them to defer providing initial disclosures, responding to Plaintiff's Requests for Production, making Individual Defendants available for depositions, and otherwise participating in discovery until the Court resolves Individual Defendants' pending Motion to Dismiss.

## II.    LEGAL STANDARD.

This Court has broad discretion to manage the conduct of discovery, including through the issuance of a stay.  *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (citations omitted); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) ("District courts have broad discretion in all discovery matters.") (internal quotations and citations omitted).  Under Rule 26(c), the Court may, for good cause, issue a protective order staying discovery.  Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [by] . . . forbidding the disclosure or discovery[.]").  Good cause for staying discovery may be shown, where, for example, "discovery will impose undue burden or expense without aiding the resolution of dispositive motions."  *Fujita v. U.S.*, 416 Fed.Appx. 400, 402 (5th Cir. 2011) (finding good cause to stay discovery pending resolution of summary judgment motion where pending motion was dispositive and further discovery had no bearing on the outcome of the motion).  Good cause exists here, and a protective order staying discovery with respect to Individual Defendants until the Court rules on their pending Motion to Dismiss is warranted.

## III.    ARGUMENT.

There is good cause to grant the Motion for Protective Order to prevent unfair prejudice and harm to Individual Defendants.  First, forcing Individual Defendants to engage in fact

discovery on the merits unfairly puts Individual Defendants at risk of waiving their personal jurisdiction objections set forth in their Motion to Dismiss and involuntarily submitting to the jurisdiction of this Court.   Second, requiring all ten Individual Defendants to provide initial disclosures, respond to Plaintiff's Requests for Production, and travel to and attend depositions while Individual Defendants' Motion to Dismiss is pending, which, if granted, would render any discovery moot, unnecessarily subjects Individual Defendants to significant burden and expense. Finally, Plaintiff's discovery requests will not aid in the resolution of Individual Defendants' Motion to Dismiss.   Temporarily staying discovery involving Individual Defendants pending resolution of their Motion to Dismiss would not harm Plaintiff or delay trial, which is scheduled for September 9, 2019, well over one year away.

> **A.      Requiring Individual Defendants To Engage In Discovery Could Unfairly Force Individual Defendants To Waive Their Objections To Personal Jurisdiction.**

Individual Defendants should not be required to participate in factual discovery until their Motion to Dismiss—and, in turn, the question of whether this Court can properly exercise jurisdiction over the out-of-state Individual Defendants—has been resolved.   Requiring Individual Defendants to actively engage in discovery on the merits while their Motion to Dismiss on Rule 12(b)(2) grounds is pending puts Individual Defendants in the unfair position of potentially waiving their jurisdictional defenses.  *See Hyundai Merchant Marine Co., Ltd. v. Conglobal Industries, LLC, et al.,* No.: 3:15-cv-3576, 2016 WL 1613949, at *1780 (N.D. Tex. April 21, 2016) ("The more actively a defendant has litigated, the more likely it is that the court will find the defendant waived defects in personal jurisdiction.") (citations omitted); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland),* 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging the "well-established rule that parties who choose to litigate actively on

the merits thereby surrender any jurisdictional objections"); *Norfolk Southern Rly. Co. v. Power Source Supply,* Civ. Action No: 3:06-58*, 2007 WL 709312, at \*1-2 (W.D. Pa. March 5, 2007) (granting defendant's motion to stay and motion for a protective order after initial scheduling order was in place where defendant refused to participate in discovery out of concern that doing so would waive its jurisdictional objection in its pending Rule 12(b)(2) motion to dismiss).

Plaintiff's Second Amended Petition alleges that Individual Defendants "conspired to, and carried out the misappropriation of Montage's trade secrets, confidential proprietary information, non-public consumer data, including customer lists, active loan pipelines, lists of past Montage closed loans, and consumer loan files (Montage's 'Protected Business Information')" in violation of various state and federal laws, including RICO. Sec. Am. Pet. ¶¶ 22, 30. Many, if not all, of Plaintiff's Requests for Production concern the merits of the case. By way of example, Plaintiff broadly seeks "[a]ll communications concerning loans or loan applications in any status that you sent to Pacific Union during the Relevant Time Period" and "[a]ll communications concerning the transfer of a loan from Montage to Pacific Union." Ex. A, App. 05; Ex. B, App. 12; Ex. C, App. 19; Ex. D, App. 26; Ex. E, App. 33; Ex. F, App. 40; Ex. G, App. 47; Ex. H, App. 54; Ex. I, App. 61; Ex. J, App. 68. None of the Requests for Production are in any way limited to establishing that this Court has personal jurisdiction over Individual Defendants. Similarly, neither Plaintiff's letter requesting the scheduling of depositions nor the notices themselves limit the scope of the depositions to only jurisdictional issues. Ex. K, App. 71-72; Ex. L, App. 73-76; Ex. M, App. 77-80; Ex. N, App. 81-84, Ex. O, App. 85-88. Accordingly, if the Motion for Protective Order is denied, Individual Defendants will be forced to litigate the merits of this case, potentially resulting in a waiver of their objections to this Court's exercise of personal jurisdiction over them.

**B.    Requiring Individual Defendants To Engage In Discovery While Their Motion To Dismiss Is Pending Is A Waste of Time And Resources.**

Individual Defendants should not be required to actively engage in discovery when, as in this case, a dispositive legal motion is pending that may ultimately render any discovery moot.

The 5th Circuit has made clear that "discovery is not justified when cost and inconvenience would be its sole result" and has upheld a stay of discovery to conserve the parties' resources. *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (finding that a trial court's stay of discovery, where trial court "sought to resolve an issue that might preclude the need for discovery altogether thus saving time and expense[,]" was not an abuse of discretion); *Brown v. DFS Services, L.L.C.,* 434 Fed.Appx. 347, 351-52 (explaining that a district court's stay of discovery pending resolution of dispositive motions and its decision to quash a subpoena to non-parties was within the court's discretion to conserve parties' and court's resources and to manage the case efficiently); *see also In Re Harrah's Entertainment, Inc. Sec. Litig.*, Civ. Action No. 95-3925, 1997 WL 40640, at *2 (E.D. La. Feb. 3, 1997) (noting that when a motion to dismiss, if granted, would render discovery unnecessary, "Rule 26 authorizes the Court to avoid [the] needless expense" of document production).

Here, Individual Defendants' Motion to Dismiss, if granted for lack of personal jurisdiction or failure to state a claim, would dispose of *all* counts against *all* Individual Defendants.[4]    A stay pending resolution of Individual Defendants' Motion to Dismiss would avoid unduly burdening Individual Defendants and wasting the time and resources of all parties and this Court given that discovery involving Individual Defendants may be an entirely "useless and wasteful effort." *In Re Harrah's Entertainment, Inc. Sec. Litig.*, 1997 WL 40640, at *2 (finding that good cause exists for a brief stay of discovery since if defendants prevail on the

---

[4] *See supra* note 1.

- 8 -

motion, no discovery would be necessary); *see also, Chavous v. District of Columbia Financial Responsibility and Mgmt. Assistance Authority, et al.,* 201 F.R.D. 1, 2 (D.D.C. 2001) (explaining that a stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (internal quotations and citations omitted).

### C. Plaintiff's Discovery Requests Will Not Aid In The Resolution Of Individual Defendants' Motion To Dismiss.

Individual Defendants should not be forced to engage in fact discovery while their Motion to Dismiss is pending given that doing so would not add significant facts or aid in the resolution of Individual Defendants' Motion to Dismiss.

Discovery is properly stayed where it would not "add[] any significant facts and would only [be] expensive and burdensome . . . ." *Washington v. Norton Mfg., Inc.,* 588 F.2d 441, 447 (5th Cir. 1979). Here, briefing on Individual Defendants' Motion to Dismiss was complete in December 2017. Plaintiff did not, at any point during the briefing process, request jurisdictional discovery. Moreover, Plaintiff has not indicated how engaging in fact discovery now would assist in resolving Individual Defendants' jurisdictional objections or why Individual Defendants should bear the burden and cost associated with engaging in discovery that may prove to be unnecessary. Similarly, with respect to Individual Defendants' failure to state a claim defenses, no discovery is needed, as Rule 12(b)(6) issues are decided on the face of the complaint. *See Sw. Bell Tel. LP v. City of Houston,* 529 F.3d 257, 263 (5th Cir. 2008) (explaining that plaintiff was not "entitled to discovery prior to the district court's dismissal-ruling" because "when deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint"); *Nietzke v. Williams,* 490 U.S. 319, 326-27 (1989) (Rule 12(b)(6) operates to "streamline[] litigation by dispensing with needless discovery and

fact-finding"); *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 558 (2007) ("[W]hen the allegations in a complaint . . . could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.") (internal quotations and citations omitted).

Finally, a relatively short delay in discovery pending resolution of Individual Defendants' Motion to Dismiss would not prejudice Plaintiff.  Plaintiff would be free to continue to engage in fact discovery with Defendant Pacific Union.  Much of the information that Plaintiff seeks from Individual Defendants in its discovery requests includes information in Plaintiff's possession or information that has been, or could easily be, obtained from Defendant Pacific Union.[5]  Further, a temporary stay of discovery with respect to Individual Defendants should not impact the trial date scheduled for September 9, 2019, well over one year away.  *See, e.g., Dresser v. MEBA Med. & Benefits Plan,* No. 08-2662, 2008 WL 2705584, at *1, n. 1 (E.D. La. July 10, 2008) (staying discovery pending resolution of a motion to dismiss that was fully briefed and noting that "[a] temporary stay of discovery will not jeopardize the trial date in this matter").

For these reasons, Individual Defendants' Motion for Protective Order should be granted.

*[Remainder of page intentionally left blank].*

---

[5] For example, in Plaintiff's Appendix in Support of its Opposition to Individual Defendants' Motion to Dismiss, ECF No. 22 (filed under seal), Plaintiff cites to a number of emails that Plaintiff had in its possession or obtained from Pacific Union—these emails contain many of the same email addresses referenced in Plaintiff's Requests for Production and appear to be the very records that Plaintiff seeks from Individual Defendants.  Ex. A, App. 04; Ex. B, App. 11; Ex. C, App. 18; Ex. D, App. 25; Ex. E, App 32; Ex. F, App. 39; Ex. G, App. 46; Ex. H, App. 53; Ex. I, App. 60; Ex. J. App. 67.

Dated:  July 15, 2018                    Respectfully submitted,

                                         **REED SMITH LLP**

                          By:    /s/ Tyree P. Jones Jr.
                                 Tyree P. Jones, Jr. (Admitted *Pro Hac Vice*)
                                 Manasi Venkatesh (Admitted *Pro Hac Vice*)
                                 1301 K Street, NW
                                 Suite 1000 – East Tower
                                 Washington, DC 20005
                                 Telephone: (202) 414-9200
                                 Facsimile:  (202) 414-9299
                                 tpjones@reedsmith.com
                                 mvenkatesh@reedsmith.com

                                 /s/Stephan D. Selinidis
                                 Stephan D. Selinidis (State Bar No. 24056293)
                                 811 Main Street, Suite 1700
                                 Houston, Texas 77002-6110
                                 Telephone: (713) 469-3800
                                 Facsimile:  (713) 469-3899
                                 SSelinidis@ReedSmith.com

                                 *Attorneys for Defendants Valerie Coleman. Caitlin*
                                 *V. Cooke, Eduardo Creque, Jessica M. Furr (Keen),*
                                 *Kathy Keller, Fouad Naghmi, Tammy Neal, Charles*
                                 *F. Peer, Michaelene Whyte, and Melissa Willoby*


                          **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, on this 15th day of July 2018, a true and correct copy of the

foregoing Individual Defendants' Brief In Support Of Motion For Protective Order To Stay

Discovery was submitted to the Clerk of the Court and served upon all counsel of record using

the CM/ECF system of this Court.


                          By:    /s/ Tyree P. Jones Jr.
                                 Tyree P. Jones, Jr.