# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MONTAGE MORTGAGE, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:17-cv-02971-S |
| | § | |
| **PACIFIC UNION FINANCIAL, LLC, VALERIE COLEMAN, CAITLIN V. COOKE, EDUARDO CREQUE, JESSICA M. FURR (KEEN), KATHY KELLER, FOUAD NAGHMI, TAMMY NEAL, CHARLES F. PEER, MICHAELENE WHYTE, and MELISSA WILLOBY,** | § § § § § § § § | |
| Defendants. | § § | |

## OFFER OF JUDGMENT

NOTICE IS HEREBY GIVEN that Defendant Pacific Union Financial, LLC ("Pacific Union"), in accordance with Federal Rule of Civil Procedure 68, offers to settle this matter in its entirety against all defendants—contingent upon Plaintiff agreeing to and complying with all contingencies specified in this offer—by allowing judgment to be entered against Pacific Union in the amount of Four Hundred Thousand and 00/100 Dollars ($400,000.00).

The sum offered by Pacific Union encompasses all claims for monetary relief asserted by Montage in this action against any defendant, jointly or severally, including: (1) all claims for damages of any kind, including actual damages and punitive damages, (2) all taxable costs accrued through the date of this Offer of Judgment, (3) any and all claims to attorneys' fees, regardless of the basis for such claims (including but not limited to claims for attorneys' fees based on contract, statute, or recognized equitable ground), and (4) any other costs or expenses of any kind or nature whatsoever (including but not limited to expert witness fees and expenses),

whether or not taxable, claimed by Montage in this action against any defendant, severally or jointly.

This Offer of Judgment is made for the purposes specified in Rule 68, and shall not to be construed as an admission that Pacific Union is liable in this action, or that Plaintiff has suffered any damage. Pacific Union has denied and continue to deny all liability for any and all of Plaintiff's claims. This offer is made only in an effort to avoid ongoing costs of discovery, dispositive motions, trial and the inherent disruption resulting from litigation.

This offer is contingent upon Montage's agreement to fully release and to dismiss, with prejudice, all claims and causes of action whatsoever that are asserted or could have been asserted in this action against any Defendant to this action, including: Valerie Essid, Caitlin Boehm, Eduardo Creque, Jessica Furr, Kathy Keller, Fouad Naghmi, Tammy Neal, Charles Peer, Michaelene Whyte, and Melissa Willoby, as well as to agree to the release of all unnamed individual members, officers, directors, agents, representatives, employees, and owners associated with Pacific Union. Accordingly, this offer is contingent upon Montage's agreement to execute a settlement and release agreement containing the material terms reflected in the document attached hereto as "Exhibit A."

This offer shall be deemed withdrawn unless written notice of acceptance is received within fourteen (14) days after the service hereof.

DATED: August 17, 2018.

Respectfull submitted,

*/s/ Jason R. Elliott*

Ann Marie Painter
Texas Bar No. 00784715
AMPainter@perkinscoie.com
Jason R. Elliott
Texas Bar No. 24050558
jelliott@perkinscoie.com
Hayden M. Schottlaender
Texas Bar No. 24098391
hschottlaender@perkinscoie.com

PERKINS COIE LLP
500 N. Akard St., Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700
Facsimile: 214.965.7773

Barak Cohen (*Pro Hac Vice*)
bcohen@perkinscoie.com
PERKINS COIE LLP
700 13th St. NW, Suite 600
Washington, DC 20005
Tel: +1.202.654.6337
Fax: +1.202.654.9997

**ATTORNEYS FOR DEFENDANT
PACIFIC UNION FINANCIAL, LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, the foregoing Offer of Judgment was served upon counsel of record for Plaintiffs via e-mail and First-Class U.S. mail, to following:

Jason McElroy
Jeff Blackwood
WEINER BRODSKY KIDER PC
1300 19th Street NW  5th Floor
Washington DC  20036

>                         */s/ Jason R. Elliott*
>                         Jason R. Elliott

# EXHIBIT A

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and among: (i) Montage Mortgage, LLC ("Montage") and (ii) Pacific Union Financial, LLC ("Pacific Union") (all collectively, the "Parties") (each a "Party").

**WHEREAS,** on March 14, 2016, Montage filed an Original Petition against Pacific Union in the 298th Judicial District Court of Dallas County, Texas. The lawsuit was subsequently amended and removed to federal court and is now pending in the United States District Court for the Northern District of Texas, and styled as *Montage Mortgage, LLC v. Pacific Union Financial, LLC, Valerie Coleman, Caitlin V. Cooke, Eduardo Creque, Jessica M. Furr (Keen), Kathy Keller, Fouad Naghmi, Tammy Neal, Charles F. Peer, Michaelene Whyte, and Melissa Willoby*, Case No. 3:17-cv-02971-S (the "Action"), seeking monetary damages and injunctive relief;

**WHEREAS,** Montage alleged in the Action, among other things, that Pacific Union misappropriated trade secrets, or aided and abetted the breach of fiduciary duties, tortiously interfered with existing contracts, tortiously interfered with prospective contractual and business relations, and engaged in a civil conspiracy, among other common law torts and statutory claims;

**WHEREAS,** Pacific Union denied Montage's allegations and denied any wrongdoing;

**WHEREAS,** on August 17, 2018, Pacific Union served an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, permitting Montage to take a judgment against Pacific Union in the amount of $400,000, which was also contingent on Montage's agreement to the material terms of this Settlement Agreement;

**WHEREAS,** the intent of this Agreement is to resolve and release all pending litigation and claims existing between and among Montage and Pacific Union, including those Montage has asserted or could have asserted against Pacific Union including its associated members, officers, directors, agents, representatives, employees, and owners, individually, and all other Defendants named in the Action.

**NOW, THEREFORE,** in consideration of the foregoing and of the mutual covenants and agreements set forth below, it is agreed as follows:

1.   **Payment.**  Within fourteen (14) business days after Montage executes this Settlement Agreement, Pacific Union shall deliver Four Hundred Thousand and no/100 Dollars ($400,000.00) to Montage via wire transfer according to wiring instructions to be provided by Montage to Pacific Union, in full satisfaction of the Offer of Judgment, including this Settlement Agreement.

2.   **Dismissal of Action with Prejudice and Without Costs.**  The Parties agree that within two (2) business days following delivery of the Settlement Payment, counsel for Montage and Pacific Union shall jointly execute a stipulation to dismiss the Action with prejudice as to all claims and parties and without payment of costs to any Party, in a form that is mutually agreeable. Montage shall promptly file the executed stipulation with the United States District Court for the Northern District of Texas. The Parties further agree to take any and all other

action which may be necessary to affect the dismissal of the Action with prejudice as to all claims and parties, and without costs or fees to any Party.

3.  **Release of Claims by Montage.**  Montage, on behalf of itself and its affiliates, subsidiaries, parent companies, insurers, agents, attorneys, officers, members, owners, directors, executives, employees, predecessors and assigns, hereby releases, waives and forever discharges any and all claims and causes of action that have been or could have been asserted in the Litigation by Montage, irrespective of whether such claims or potential claims be against Pacific Union or its individual associated members, officers, directors, agents, representatives, employees, and owners, individually, and/or against any other Defendant named in the Action (the "Released Claims"). The Released Claims specifically encompass all claims and causes of action, whether legal or equitable, arising from alleged breaches of contract; breaches of fiduciary duty; misappropriation or taking of trade secrets, confidential information or other tangible or intangible property of Montage; tortious interference with existing or prospective contracts or business relations; violations of anti-racketeering statutes; any statutory violation of state or federal computer access statutes; and/or any other alleged misconduct by any Defendant under any legal theory, whether such claim is premised upon direct or vicarious liability; joint or several liability; respondeat superior; and/or conspiracy with another, or aiding and abetting another.

Excluded from this Release are claims or causes of action: (a) arising after the Effective Date; (b) related to any other Party's performance of this Settlement Agreement; and (c) related to any obligations created, confirmed, amended or extended by this Settlement Agreement.

4.  **No Admission of Liability.**  The Parties understand and agree that any claim or cause of action that Montage may have against Pacific Union or any other released party is disputed, and that this Settlement Agreement is for the purpose of settling such disputes by compromise in order to avoid further litigation.  Neither the execution nor delivery of this Settlement Agreement shall constitute an admission of any wrongdoing or liability whatsoever.

5.  **Full and Final Settlement.**  The Parties understand and agree that upon their acceptance of this Settlement Agreement, they will have no further obligation to each other of any kind with respect to the matters described herein, except the obligations set forth or referred to in this Settlement Agreement.  This Settlement Agreement is binding on the Parties and their heirs, successors and assigns.

6.  **Complete Agreement.**  The Parties acknowledge that there are no covenants, promises, undertakings or understandings outside the scope of this Settlement Agreement.  Any modification of, or addition to, this Settlement Agreement must be in writing and signed by the Parties. All agreements and understandings between the parties hereto are embodied herein and the terms of this Settlement Agreement are contractual and not a mere recital.

7.  **Knowing and Voluntary Agreement.**  The Parties acknowledge that they have entered into this Settlement Agreement knowingly and voluntarily, and that they have been represented by counsel in connection with the negotiation and preparation of this Settlement Agreement.

      **8.** **<u>Governing Law</u>.** This Settlement Agreement shall be subject to, governed by, and construed and enforced pursuant to the laws of Texas without regard to the conflict of laws and principles of that state.

      **9.** **<u>Counterparts</u>.** This Settlement Agreement may be executed by facsimile or electronic mail and in any number of counterparts, each of which, taken together, shall constitute one agreement.

      **10.** **<u>Effective Date</u>.** The Effective Date of this Settlement Agreement shall be the date on which Plaintiff has executed this Settlement Agreement.

[*Signature Pages Follow*]

140839555.1

**Montage Mortgage, LLC**

Dated: _____, 2018            _____

By: _____

Its: _____

**Pacific Union Financial, LLC**

Dated: _____, 2018            _____

By: _____

Its: _____